IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY ANTHONY HERMES, #1037440 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv195 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. The Magistrate Judge recommended the petition for writ of habeas corpus be dismissed with prejudice. Petitioner filed objections.

Petitioner first objects that the Magistrate Judge did not order a response from the Director. He contends that the Magistrate Judge is speaking for the Director, and that he is entitled to "adversarial testing from the Director." (Dkt. # 14, p. 1). Rule 4 of the Rules Governing Section 2254 cases states, in relevant part:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned.
>
> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise, the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rules Governing § 2254 cases, Rule 4, 28 U.S.C. foll. § 2254.

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (*citing* 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006). The Magistrate Judge correctly determined that Petitioner's petition is time-barred. Thus, no response is required.

Petitioner next objects that the Magistrate Judge failed to mention that Constable Scott Parker and Officer Robert Stovall sought revenge from him, which "operated to prevent the Petitioner from pursuing his rights which would warrant equitable tolling." (Dkt. # 14, p. 2). First, this claim is conclusory, and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d. 285, 287-288; *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982)*; Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (*citing Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)). Second, Petitioner does not address why he waited seventeen years before raising this claim. This unexplained delay makes the instant case not extraordinary enough to qualify for equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights.").

Finally, Petitioner objects because the Magistrate Judge found no merit in his claim of actual

innocence. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404. To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). But, as the Supreme Court has cautioned, "tenable actual-innocence gateway pleas are rare," and that in order for a petitioner to meet the threshold requirement, he must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). The actual-innocence gateway should open only when a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. *Id.* at 401 (*quoting Schlup v. Delo,* 513 U.S. 298, 316 (1995)). Additionally, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *McQuiggin*, 569 U.S. at 386-87 (*quoting Schlup,* 513 U.S. at 332).

In the instant § 2254 petition, Petitioner presents no newly-discovered evidence pointing to his innocence. He claims that Officers Robert Stovall and Janet Parsons suffocated the decedent. However, Petitioner fails to present any evidence showing that he is actually innocent or point to any newly-discovered evidence that was not discoverable within one year of the filing of his petition. Petitioner has not shown that, in light of this evidence "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386.

Petitioner has not show that he was actively mislead by the State, or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's Report is incorrect. After reviewing the Report and Recommendations and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 20th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE